UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEIA GAREY, | NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| TREVOR ANDERSON, an individual; and WASHINGTON STATE UNIVERSITY, a public entity, | |
| Defendants. | |

COMES NOW THE PLAINTIFF, LEIA GAREY, by and through her attorney, Sarah J. Perez, of Perez and Perez Law, PLLC; and alleges as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1.1    That at all times material herein, Plaintiff Leia Garey ("Plaintiff Garey" and/or "Plaintiff") has been a resident of Whitman County, Washington.

1.2    That at all times material herein, Defendant Trevor Anderson ("Defendant Anderson") was a resident of Whitman County, Washington.

PLAINTIFF'S COMPLAINT- 1

PEREZ & PEREZ LAW, PLLC
506 2ND AVENUE SUITE 1400
SEATTLE, WASHINGTON 98104
TEL: (425) 748-5005

1.3     Defendant, Washington State University ("Defendant WSU") is a university in the state of Washington and a state institution of higher education as established and defined in RCW 28B.10.016 and RCW Chapter 28B.30.

1.4     The incidents that give rise to the claims in this action took place at WSU Pullman campus, located in Whitman County, Washington.

1.5     Defendant WSU is a federally funded entity and is therefore subject to Title IX of the Education Amendments Of 1972 20 U.S.C. §1681.

1.6     Jurisdiction and venue is proper as this court has both personal and subject matter jurisdiction over Defendants.

1.7      Plaintiff has properly filed an Administrative Tort Claim with the State of Washington pursuant to RCW 4.92 et seq. All administrative pre-filing conditions have been met.

## II. FACTUAL BASIS OF CLAIMS

2.1     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

2.2     At all times material herein, Plaintiff Garey was enrolled as an on-campus undergraduate student at WSU, Pullman Campus, and lived in Regents resident hall.

2.3     At all times material herein, Defendant Anderson was enrolled as an undergraduate student at WSU, Pullman Campus. Defendant Anderson was a member of a Fraternity associated with Defendant WSU and resided in the fraternity house. The name of the fraternity is currently unknown.

2.4     Per WAC 504-26-200, the standards of conduct for students may apply to off-campus conduct that adversely affects the health and/or safety of the university community or the pursuit of the university's vision, mission, or values.

2.5     Plaintiff Garey and Defendant Anderson were previously engaged in a romantic relationship that ended in December of 2019.

2.6     The dating relationship between Plaintiff Garey and Defendant Anderson contained intimate partner violence, including verbal, emotional, and several instances of physical abuse.

2.7     Starting around October of 2018 and thereafter, there were several incidents that took place at Defendant Anderson's Fraternity house indicating Defendant Anderson's violent propensity and abuse towards Plaintiff Garey. Defendant Anderson was witnessed by other Fraternity members, verbally harassing, yelling, and pushing Plaintiff Garey during arguments.

2.8     The Vice President of the Fraternity heard Plaintiff Garey and Defendant Anderson "yelling at each other a bunch," in the Fraternity and had intervened in a "handful" of their arguments to tell them "to stop yelling at each other, this is getting ridiculous," because Defendant Anderson would "start screaming at her [Plaintiff Garey] and she would be bawling her eyes out."

2.9     During another argument at the Fraternity house, Defendant Anderson was witnessed grabbing Plaintiff Garey's arm so hard that it "left a mark."

2.10    On January 29, 2020, Plaintiff Garey was raped in her dorm room by Defendant Anderson.

2.11    On January 30, 2020, Plaintiff Garey went to WSU Cougar Health Services due to vaginal pain. She was treated for "a yeast infection," which she believes is "part of why [the sexual intercourse] hurt really bad," the day before.

2.12    On January 31, 2020, Defendant Anderson began to harass Plaintiff Garey via text messages.

2.13    On or about January 31, 2020, Plaintiff Garey has an initial evaluation with the Counseling and Psychological Services office at WSU and met with a WSU employed mental health counselor. At this initial evaluation, Plaintiff Garey reported that Defendant Anderson was harassing her. Specifically, he was attending one of her classes and following her. Plaintiff Garey told the counselor that because of the harassment, she was having increased anxiety and panic attacks. She described these symptoms as increased heart rate, tightness in her throat, increased breathing, sweating, feeling faint, and feeling cold in her fingers. Plaintiff Garey also reported her anxiety had led to difficulty with concentration.

2.14    On February 3, 2020, Plaintiff Garey attended her 2nd counseling session. Plaintiff Garey reported the harassment by Defendant Anderson has continued.  One of her panic attacks was triggered with thoughts of returning to WSU Pullman campus for fear of seeing Defendant Anderson. Plaintiff Garey reported never having anxiety or panic attacks prior to the relationship with Mr. Anderson.

2.15    On February 5, 2020, after Plaintiff Garey made it clear that she no longer wished to have communication, both electronically and in-person, with Defendant Anderson, Defendant Anderson showed up to her residence hall room without invitation. A verbal altercation ensued.

2.16    On February 7, 2020, Plaintiff Garey was raped for a second time by Defendant Anderson in her dorm at approximately 2pm.

2.17    At approximately 10pm on the same day of the attack, Plaintiff Garey was evaluated at Pullman Regional Hospital Emergency Room Department for sexual assault. Plaintiff Garey had circular bruising consistent with bite mark on right neck and redness along the posterior fourchette.

2.18    On February 11, 2020, Plaintiff Garey had her 3rd counseling session. She reported she was raped by Defendant Anderson, who was still on campus at this time.

2.19    On February 18, 2020, Plaintiff Garey expressed to the WSU Compliance and Civil Rights (CRCI) office that she had been going to a "counselor" due to "extreme anxiety;" she stated that she "couldn't breathe" and "felt like [she'd] throw up" when she saw Defendant Anderson in class. Plaintiff Garey stated that she "froze" when she saw Defendant Anderson on-campus and "constantly" looks for him. She also stated that she had not been staying in her residence hall room "much" since the incident and had been sleeping "less" and "lost seven pounds."

2.20    On February 19, 2020, Defendant Anderson was served the Temporary Sexual Assault Protection Order and Notice of Hearing and an Order to Surrender Weapons.

2.21   On February 20, 2020, Plaintiff Garey stated to CRCI that she was felt "a lot of anxiety" wondering if Defendant Anderson would show up at a class they shared for a quiz and was worried it would cause her "mental distress" if he did.

2.22   On February 24, 2020, Ms. Gary expressed to CRCI that "it would be beneficial to get out of [her] current dorm," as it was the location where the rapes took place. Plaintiff Garey described that "he emotionally traumatized" her during their relationship.

2.23   On February 27, 2020, the Defendant Anderson informed investigators that he had "withdrawn" from his class and was "transferring schools."

2.24   Plaintiff experienced physical injuries, mental distress, and emotional distress from the two sexual assaults by Defendant Anderson.

2.25   The Director of Compliance and Civil Rights and Investigation at WSU is responsible for administering the EEO/AA program and coordinate efforts to implement policies that prohibit discrimination.[1] The Compliance and Civil Rights Office of WSU is also responsible to investigate allegations and complaints of discrimination and sexual harassment.[2]

2.26   On April 13, 2020, after an investigation, WSU CRCI concluded that Defendant Anderson's conduct toward Plaintiff Garey was in violation of the WSU Policy Prohibiting Discrimination, Sexual Harassment, and Sexual Misconduct, Executive Policy #15 (EP 15).

---

[1] https://ccr.wsu.edu/
[2] *Id.*

PLAINTIFF'S COMPLAINT- 6

PEREZ & PEREZ LAW, PLLC
506 2ND AVENUE SUITE 1400
SEATTLE, WASHINGTON 98104
TEL: (425) 748-5005

2.27    Plaintiff Garey believes that previous to the above-mentioned incidents, there had been a number of other complaints and reports by other female WSU students of Defendant Anderson engaging in sexual harassment, including a previous Temporary Sexual Assault Protection Order secured by another female victim.

2.28    Defendant WSU was or should have been aware that Defendant Anderson had a history of violence, sexual assault, sexual harassment, and sexual misconduct.

2.29    As a direct and proximate result of Defendant WSU's actions and/or failure to act, as set forth above and in other respects, Plaintiff Garey suffered emotional distress, anguish, humiliation and other general and special damages that will be proven with specificity at the time of trial.

2.30    To this day, Plaintiff Garey struggles with the lasting effects of this preventable trauma.

## CAUSES OF ACTION AGAINST DEFENDANT WSU

## III. VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 20 U.S.C. §1681

3.1    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

3.2    Defendant WSU's conduct, as set forth above and in other respects, violated Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 et seq.

    3.3    Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex in educational institutions receiving federal funds. Due to the prevalence of sexual harassment and assault in schools, school are required to respond appropriately so that those experiencing such violence are not denied educational opportunities based on sex.

    3.4    Rape constitutes a severe form of sexual harassment and, accordingly, also constitutes a severe form of sex discrimination. There is also no question that it is "objectively offensive" to be raped.[3]

    3.5    Both sexual assaults against Plaintiff Garey occurred on WSU Pullman campus.

    3.6    Defendant WSU had actual knowledge of Defendant Anderson's demonstrated pattern and history of sexual harassment and assault.

    3.7    Defendant WSU acted in a manner that is clearly unreasonable in light of all of the known circumstances.

    3.8    As a direct and proximate cause of Defendant WSU's Title IX violations, Plaintiff Garey was sexually assaulted and raped twice.

    3.9    The sexual assault and rape was so severe, pervasive, and objectively offensive that Plaintiff Garey was deprived of equal access to the educational opportunities and benefits provided by Defendant WSU, a public university.

---

[3] *Wills v. Brown Univ.*, 184 F.3d 20, 36-37 (1st Cir.1999).

3.10   Plaintiff has been required to retain attorneys to prosecute this action and Plaintiff is entitled to recover her attorney fees and reasonable costs incurred herein pursuant to 42 U.S.C, § 1988.

## IV. NEGLIGENCE AND DISCRIMINATION IN VIOLATION OF RCW 28B.110 et seq. AND RCW 49.60 et seq. 34.

4.1   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

4.2   Defendant WSU owes a common law legal duty to exercise reasonable care towards its students to act reasonably in view of foreseeable risks of dangers to students.

4.3   Defendant WSU holds a special protective relationship with the students in its care. The University must protect the students in its care against reasonably foreseeable harms; the school also has a duty to control students in its care and a duty to provide a safe, orderly learning environment.

4.4   Defendant WSU owed a duty of care to Plaintiff Garey to protect her from reasonably foreseeable harms.

4.5   Defendant WSU owes a duty of care to its students to protect them from state-created danger.

4.6   Defendant WSU breached the duty of care it owed to Plaintiff Garey to protect her from known and reasonably foreseeable dangers, when it failed to enforce rules, statutes, and violated its own policies and generally accepted procedures, designed to protect its students from the predatory and sexually assaultive actions.

4.7     Defendant WSU failed to train and supervise its employees and/or agents on its own policies and about the danger that some students pose a risk of sexually assaulting other students. By failing to train and supervise its employees and/or agents on these dangers, and critical policies, employees failed to report, investigate, and stop the predatory behaviors of Defendant Anderson. Because employees and/or agents were not trained, the predictable ensued.

4.8     Defendant WSU has a legal duty to take reasonable precautions to protect its students from gender discrimination, including but not limited to sexual assault.

4.9     Defendant WSU had knowledge and notice that Defendant Anderson was the perpetrator of previous sexual harassment on the basis of gender. Defendant WSU's actions, and its failures to intervene in any meaningful way, were clearly unreasonable in light of known circumstances, as set forth above and in other respects.

4.10    Defendant WSU owed a duty to Plaintiff to enforce and monitor student safety, including compliance with discrimination and harassment laws and policies. Defendant WSU failed to take prompt and effective steps reasonably calculated to end the sexual assaults and harassment, eliminate any hostile environment and its effects, and prevent the harassment from recurring, as set forth above and in other respects.

4.11    Defendant WSU violated its legal duties and discriminated against Plaintiff when it enabled Defendant Anderson to continue to have access to sexually harass and assault female students, specifically, Plaintiff Garey, after having knowledge of Defendant Anderson's propensity to violence, harassment, and sexual assaults.

4.12    The Washington Law Against Discrimination (WLAD), RCW 49.60 et seq., prohibits gender-based discrimination at places of public accommodation.

4.13    Defendant WSU is a place of public accommodation.

4.14    Defendant WSU, as a place of public accommodation, is directly liable for the discriminatory and harassing actions of its employees and/or agents.

4.15    Defendant denied and deprived Plaintiff Garey of the full enjoyment and benefits of a public learning institution by failing to protect her and allowing a sexual predator to attack her multiple times.

4.16    Each of the aforementioned negligent, grossly negligent, reckless, and deliberately indifferent acts and omissions by Defendant WSU, as set forth above and in other respects, is a proximate cause of injuries to the Plaintiff Garey. The damages suffered by Plaintiff Garey are a direct and proximate result of the Defendant WSU's failures, omission, and breaches of its duty of care owed to Plaintiff.

4.17    As a direct and proximate cause of the actions set forth herein, Plaintiff Garey suffered emotional distress, anguish, humiliation, and other general and special damages that will be proven with specificity at the time of trial.

## V. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

5.1    Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

5.2     Defendant WSU had a duty to protect their on-campus students from unreasonably dangerous conduct, risks, and/or hazards that could foreseeably cause them harm.

5.3     Defendant WSU breached this duty by failing to protect Plaintiff from unreasonable risk.

5.4     Defendant Anderson's conduct was a foreseeable risk of harm to Plaintiff.

5.5     As a result of Defendant WSU's negligence, Plaintiff suffered emotional distress which is accompanied by objective symptoms and is susceptible to medical diagnosis and proved through medical evidence.

## CAUSES OF ACTION AGAINST DEFENDANT ANDERSON

## VI. INTENTIONAL ASSAULT AND BATTERY

6.1     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

6.2     Defendant Anderson committed the tort of assault on Plaintiff Garey.

6.3     Defendant Anderson committed the tort of battery on Plaintiff Garey.

6.4     Plaintiff Garey was injured as a result of Defendant Anderson's intentional assault and battery in violation of RCW 9A.36.041.

## VII. OUTRAGE OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7.1     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

7.2     Defendant Anderson's conduct was extreme and outrageous

7.3     Defendant Anderson's acts intentionally or recklessly inflicted emotional distress on Plaintiff Garey.

7.4     As a result of the Defendants' intentional or reckless actions, Plaintiff Garey suffered severe emotional distress and other harm.

## VIII. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

8.1     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

8.2     Defendant Anderson had a duty to refrain from unreasonably dangerous conduct, risks, and/or hazards that could foreseeably cause harm to Plaintiff.

8.3     Defendant Anderson breached this duty when his conduct fell below the standard established by law for the protection of others against unreasonable risk.

8.4     Defendant Anderson's conduct involved a foreseeable risk of harm to Plaintiff.

8.5     As a result of Defendant Anderson's negligence, Plaintiff suffered emotional distress which is accompanied by objective symptoms and is susceptible to medical diagnosis and proved through medical evidence.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants for such general and special damages and remedies and reparations, as will reasonably, completely, fairly, and

justly compensate her for the harms sustained in the past and future, and stop and prevent those harms from continuing as alleged above, including but not limited to:

1. Medical expenses

2. Plaintiff seeks lost past and future economic losses;

3. Plaintiff seeks funds to obtain treatment and relief of her mental suffering; and to the extent it cannot be relieved, compensatory damages for mental suffering;

4. Plaintiff seeks funds to obtain treatment and relief of her emotional distress and the psychological damage and harm caused by the defendants, and to the extent it cannot be relieved, compensatory damages for emotional distress and psychological damage and harm caused by Defendants;

5. Plaintiff seeks funds to remedy past and future damage to relationships and to the extent it cannot be remedied seeks compensatory damages;

6. Plaintiff seeks funds to remedy the damage to her education and to the extent it cannot be remedied, seeks compensatory damages for the loss of her education and the damages to her past and future earning capacity;

7. Plaintiff seeks funds to allow her to restore her enjoyment of life and to the extent it cannot be restored, seeks compensatory damages for that loss;

8. Plaintiff seeks reasonable attorney fees, costs of suit and prejudgment interest, as provided in RCW 49.60.030 and other laws cited herein; and seeks attorneys fees under RCW 9.68A.130;  and  for such other and further relief as the Court may deem equitable, just, lawful, and proper.

## X.    RESERVATION

Plaintiff reserves the right to amend this complaint, to assert other facts that become known, and to assert other legal theories and causes of action allowed by law, as appropriate and necessary to bring Plaintiff's full and just claims and harms before the court for a judge and jury, for a trial to obtain full justice.

DATED this 28th day of March 2022.

*PEREZ & PEREZ LAW, PLLC*

BY: *Sarah J. Perez*
Sarah J. Perez, WSBA #44757
Marlene Otero, WSBA #55324
Attorneys for Plaintiff