UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEIA GAREY,<br><br>                Plaintiff,<br><br>    v.<br><br>TREVOR ANDERSON, an individual; WASHINGTON STATE UNIVERSITY, a public entity; WASHINGTON BETA CHAPTER OF SIGMA ALPHA EPSILON FRATERNITY, an unincorporated association; and SIGMA ALPHA EPSILON FRATERNITY, INC., a corporation,<br><br>                Defendants. | NO. 2:22-CV-0069-TOR<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is Defendant Washington State University's Motion for Protective Order (ECF No. 24). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant Washington State University's Motion for Protective Order (ECF No. 24) is **granted**.

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 1

## BACKGROUND

This case concerns sexual assault allegations involving students enrolled at Washington State University ("WSU"). ECF No. 1. On May 25, 2022, Plaintiff served WSU with two subpoenas for the student records of Defendant Trevor Anderson. ECF No. 24 at 2. On August 29, 2022, Plaintiff served WSU with Interrogatories and Requests for Production that seek information protected by the Family Educational Rights and Privacy Act ("FERPA"), including Anderson's student records. *Id.* As a result, WSU seeks a protective order regarding the education records of Plaintiff and Anderson that are subject to FERPA. ECF No. 24. Plaintiff and Anderson filed responses to the motion. ECF Nos. 27, 28.

## DISCUSSION

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c). The moving party must certify the parties conferred or attempted to confer in good faith to resolve the dispute. *Id.* For good cause shown, the Court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Here, the parties conferred without a resolution. ECF No. 24 at 3.

FERPA protects student education records from improper disclosure. 20 U.S.C. § 1232g. "Education records" are "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii)

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 2

are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A). "Education records" do not include "records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement." 20 U.S.C. § 1232g(a)(4)(B)(ii).

FERPA provides limited exceptions to the parental consent to disclosure requirement, such as disclosure of the education records by judicial order. 20 U.S.C. § 1232g(b)(2)(B). If disclosure is made pursuant to a judicial order, the educational institution must notify the parents and students of the order in advance of the ordered disclosure. *Id.* Courts that have considered FERPA disclosures in the context of civil litigation have found that FERPA does not create an evidentiary privilege barring disclosure but the underlying privacy concerns create a higher burden on a party seeking access to education records. *See Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. 2005); *Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1022 (N.D. Ohio 2004).

WSU seeks a judicial determination regarding the release of Anderson and Plaintiff's educational records where neither executed a FERPA waiver. ECF No. 24 at 6. The pending discovery only involves Anderson's education records, but Anderson indicated he may seek discovery of Plaintiff's education records. ECF No. 24 at 5–6. While WSU takes no position, WSU suggests the Court (1) allow

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 3

1  full discovery of the education records limited to Rule 26's requirements, (2) allow
2  limited production of education records related to the sexual assault allegations, or
3  (3) deny production of all education records on the grounds there are alternative
4  forms of discovery. *Id.* at 24. In the event the Court orders production, WSU
5  requests the Court enter a protective order and allow it to redact third-party names.

6  In response, Anderson objects to any disclosure on the grounds that he does
7  not seek Plaintiff's FERPA protected records and he understands that Plaintiff will
8  not seek his FERPA protected records. ECF No. 27 at 2. However, Plaintiff seeks
9  the release of Anderson's records, including his entire school file and the
10 investigative documents, on the grounds the information is necessary to assess
11 liability for each Defendant. ECF No. 28 at 2. Alternatively, Plaintiff requests the
12 Court conduct an in-camera review of the responsive documents. *Id.* at 3.

13 The Court finds Anderson's FERPA records as they relate to the sexual
14 assault allegations in the Complaint are relevant and proportional to the needs of
15 the case. Likewise, Plaintiff's FERPA records are subject to disclosure if the
16 records relate to the sexual assault allegations and are otherwise relevant and
17 proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Court notes
18 any education records involving law enforcement as defined by FERPA are subject
19 to disclosure without further order of the Court. 20 U.S.C. § 1232g(a)(4)(B)(ii).
20

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 4

The parties' privacy interests are adequately protected by limiting the records by the topic of sexual assault and the protective order the Court enters below.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Washington State University's Motion for Protective Order (ECF No. 24) is **GRANTED**.

2. The Parties may seek and the University may produce FERPA protected records of Defendant Trevor Anderson and Plaintiff Leia Garey limited by Fed. R. Civ. P. 26(b)(1)'s requirements of relevancy and proportionality. The production of these records is subject to the confidentiality provisions below.

3. The University shall redact the names of non-parties from all records produced, subject to further order of the Court.

4. All FERPA records produced will be subject to the following confidentiality provisions:

    a. <u>"CONFIDENTIAL" MATERIAL</u>

    "Confidential" material shall include documents, records, or ESI produced by the University and protected under FERPA.

    b. <u>SCOPE</u>

    The protections conferred by this order cover not only confidential material (as defined above), but also (1) any information copied or

extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

    c. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

        i. Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        ii. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 6

writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation;

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 7

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material may not be disclosed to anyone except as permitted under this Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

iii.  <u>Filing Confidential Material.</u>  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 8

    iv. <u>Designation of Confidential Material.</u>  The University shall designate FERPA material that it produces as "Confidential" at the time it is produced by affixing the word "Confidential" to each page that contains confidential material.

 d. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

 e. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

 Within 60 days after the termination of this action, including all appeals, each receiving party must return to the producing party or destroy all confidential material, including all copies, extracts and summaries thereof. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 9

court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. The confidentiality obligations imposed by this Order shall remain in effect until the Court orders otherwise.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 29, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION FOR PROTECTIVE ORDER ~ 10