UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEIA GAREY,<br><br>                Plaintiff,<br><br>v.<br><br>TREVOR ANDERSON, an individual; WASHINGTON STATE UNIVERSITY, a public entity; WASHINGTON BETA CHAPTER OF SIGMA ALPHA EPSILON FRATERNITY, an unincorporated association; and SIGMA ALPHA EPSILON FRATERNITY, INC., a corporation,<br><br>                Defendants. | NO. 2:22-CV-0069-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL |

BEFORE THE COURT is Defendant Trevor Anderson's Motion to Compel Plaintiff to Attend Deposition and for Defendant's Attendance (ECF No. 37). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant Trevor Anderson's Motion to Compel Plaintiff to

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ~ 1

Attend Deposition and for Defendant's Attendance (ECF No. 37) is **granted in part** and **denied in part**.

## BACKGROUND

This case concerns sexual assault allegations involving students enrolled at Washington State University ("WSU").  ECF No. 1.  On March 7, 2023, Defendant Trevor Anderson, filed the present motion to compel.  ECF No. 37.  Plaintiff opposes Mr. Anderson's attendance at the deposition and further seeks a motion for protective order prohibiting Defendants from inquiring into Plaintiff's sexual behavior and predisposition.  ECF No. 39.  Defendant WSU joins Mr. Anderson's motion as to the issue of Plaintiff attending her deposition but takes no position on whether Mr. Anderson should be allowed to observe the deposition via Zoom.  ECF No. 41 at 1.

## DISCUSSION

I.     **Motion to Compel**

A party may seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citation omitted).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ~ 2

A party may move for an order compelling discovery with a certification that the party conferred or attempted to confer in good faith with the party failing to provide discovery without court action. Fed. R. Civ. P. 37(a)(1). Courts have broad discretion in determining whether information is relevant. *Id.* If the motion is granted in part and denied in part, the Court may, but is not required, to apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). Here, Mr. Anderson certifies the parties conferred or attempted to confer on the topics and were unable to come to a resolution. ECF No. 38 at 2, ¶ 3.

Courts may issue orders designating who may attend depositions. Fed. R. Civ. P. 26(c)(1)(E). Generally, other witnesses may not be "excluded from a deposition simply by the request of a party." Fed. R. Civ. P. 30, Advisory Committee Notes, 1993 Amend., Sub. (c). In other words, "any party … can attend depositions in the case." *Bell ex rel. Estate of Bell v. Bd. of Educ. Of Cty. of Fayette*, 225 F.R.D. 186, 196 (S.D. W. Va. 2004). However, courts may exclude individuals, including a party, "upon a specific showing that some harm or prejudice might occur to a party or the deponent through the disclosure of secret or sensitive information learned by virtue of their attendance and disseminated thereafter." *Id.* Courts grant protective orders excluding a party from a deposition where there is evidence of harm to the deponent's mental health or where there was physical contact or multiple threatening encounters between the party and

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ~ 3

1  deponent.  *See Esebag v. Whaley*, No. CV 18-08446 R (RAO), 2019 WL 8013118,

2  at *3 (C.D. Cal. Sept. 9, 2019) (collecting cases).

3        The parties agree that Defendants are entitled to take Plaintiff's deposition.

4  ECF No. 39 at 2.  However, Plaintiff disputes Mr. Anderson's contention he is

5  entitled to attend her deposition, at the very least via Zoom or telephone.  ECF No.

6  37.

7        Here, Plaintiff made a specific showing that her interests outweigh Mr.

8  Anderson's right to attend her deposition.  Mr. Anderson was convicted of assault

9  fourth degree–domestic violence and harassment–domestic violence, both

10 committed against Plaintiff as his intimate partner.  ECF No. 40 at 5.  As a result of

11 the underlying conduct, Plaintiff was diagnosed with post-traumatic stress disorder.

12 ECF No. 40 at 9, ¶ 4.  Plaintiff's mental health counselor opined that Mr.

13 Anderson's presence at Plaintiff's depositions, virtual or otherwise, would be

14 harmful to Plaintiff's mental health treatment progress and her testimony may be

15 hindered by anxiety and panic attacks due to the knowledge of his presence.  *Id.*, ¶¶

16 7–8.  Under these extraordinary circumstances, the Court prohibits Mr. Anderson

17 from attending Plaintiff's deposition in any manner.

18       Mr. Anderson contends that barring his attendance from Plaintiff's

19 deposition violates his constitutional due process rights.  ECF No. 37 at 6.  Courts

20 are split whether a party has a constitutional right to attend witness depositions in

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ~ 4

1 civil cases. See Esebag, 2019 WL 8013118, at *3 (collecting cases). Even taken as true, Plaintiff made a particular and individualized showing of good cause for the special protection. See Hines v. Wilkinson, 163 F.R.D. 262, 266 (S.D. Ohio 1995). In any event, Plaintiff offered to submit to a second deposition to provide Mr. Anderson the opportunity to review the first deposition and provide input for follow up questions. ECF No. 39 at 2. The opportunity for a second deposition will adequately protect Mr. Anderson's due process interests.

## II. Motion for Protective Order

Plaintiff's response includes a motion for protective order to exclude Defendants from conducting any discovery relating to Plaintiff's consensual sexual behavior or predisposition. ECF No. 39.

Due to the procedural defect of failing to file a motion for protective order and note it for hearing, the Court declines to consider Plaintiff's motion. LCivR 7(e). If the parties are unable to resolve the issue through a meet and confer, Plaintiff's motion will be governed by Federal Rule of Evidence 412(a), (b)(2). While this rule generally governs admissibility, "courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ~ 5

discovery." Fed. R. Evid. 412, Advisory Committee Notes, 1994 Amend., Sub. (c). Plaintiff shall comply with Local Civil Rule 7 when filing the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Trevor Anderson's Motion to Compel Plaintiff to Attend Deposition and for Defendant's Attendance (ECF No. 37) is **GRANTED in part** and **DENIED in part**.

2. Plaintiff shall submit to a deposition at a time mutually agreed upon by the parties. Plaintiff shall submit to a limited second deposition regarding questions from Defendant Trevor Anderson following the first deposition, if any.

3. Defendant Trevor Anderson is excluded from attending Plaintiff's depositions in any manner.

4. Each party to bear their own costs and fees.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 22, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ~ 6