1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7   LEIA GAREY,

                                          NO. 2:22-CV-0069-TOR
8                        Plaintiff,

                                          ORDER GRANTING IN PART AND
9        v.                               DENYING IN PART DEFENDANT'S
                                          MOTION FOR PARTIAL
10  TREVOR ANDERSON, an                    SUMMARY JUDGMENT
    individual; WASHINGTON STATE
11  UNIVERSITY, a public entity;
    WASHINGTON BETA CHAPTER
12  OF SIGMA ALPHA EPSILON
    FRATERNITY, an unincorporated
13  association; and SIGMA ALPHA
    EPSILON FRATERNITY, INC., a
14  corporation,

15                       Defendants.

16       BEFORE THE COURT is Defendant Trevor Anderson's Motion for an

17  Order of Partial Summary Judgment (ECF No. 48).  This matter was submitted for

18  consideration without oral argument.  The Court has reviewed the record and files

19  herein and is fully informed.  For the reasons discussed below, Defendant's Motion

20  for Partial Summary Judgment (ECF No. 48) is **GRANTED IN PART AND**

    ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
    MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

1    **DENIED IN PART.**

2                                    **BACKGROUND**

3         This case concerns harassment and sexual assault allegations involving

4    undergraduate students enrolled at Washington State University ("WSU").  ECF

5    No. 1.  Plaintiff alleges that her former boyfriend, Defendant Trevor Anderson,

6    raped her in her dorm room on January 29, 2020, and February 7, 2020.  ECF No.

7    1 at 4, ¶ 2.10, at 5, ¶ 2.16.

8         Defendant was allegedly served with a copy of the summons and complaint

9    on January 30, 2022.  ECF Nos. 50 at 2; 50-1 at 4-17.  A process server left the

10   summons and complaint with Defendant's father at his family home in

11   Woodinville, Washington.  ECF No. 50-1 at 3.  The January complaint asserted

12   causes of action against Defendant for intentional assault and battery, in violation

13   of RCW § 9A.36.041, and outrage or intentional infliction of emotional distress.

14   ECF No. 50-1 at 14-15.  Three months later, on April 14, 2022, Plaintiff filed a

15   summons and complaint with the Court which included the same causes of action

16   but added a third claim for negligent infliction of emotional distress.  ECF No. 1 at

17   12-13.  Plaintiff avers that Defendant was notified of this additional claim through

18   a phone conversation between counsel that took place about a month prior to filing,

19   in early March 2022.  ECF No. 50 at 2.  On May 24, 2022, a process server left a

20   copy of the April complaint with Defendant's father at his Woodinville residence.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

1  ECF No. 50-2 at 2.

2      On October 6, 2022, Plaintiff filed an amended version of the April

3  complaint.  ECF No. 21.  The October revisions did not alter any of Plaintiff's

4  claims against the Defendant bringing this motion.  ECF No. 21 at 12-14.  All three

5  iterations of the complaints included claims against WSU for violations of Title IX

6  of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.  ECF Nos. 1 at 7-

7  8; 21 at 8; 50-1 at 10-12.

8      Defendant now moves for partial summary judgment, asserting that

9  Plaintiff's claims for assault and battery should be dismissed because they were not

10  commenced within the two-year statute of limitations set by RCW § 4.16.100 and

11  which began accruing on the dates of the respective sexual assaults.  ECF No. 48 at

12  4.  He argues that, per Federal Rule of Civil Procedure 3 ("Rule 3"), Plaintiff did

13  not "commence" to toll the statute of limitations until she officially filed her

14  lawsuit in April 2022, which was after the two-year deadline.  ECF No. 48 at 4.

15      Plaintiff responds with a partial concession.  ECF No. 50.  She admits that

16  her claim stemming from the January 29, 2020 sexual assault is time-barred under

17  RCW § 4.16.100 because she did not serve Defendant with the first version of her

18  complaint until January 30, 2022—one day past the two-year deadline.  ECF No.

19  50 at 2-3.  However, she presses that under RCW § 4.16.170, the Washington rule

20  for tolling, her claims stemming from the sexual assault which occurred in

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

February 2020 are preserved, because that statute allows an action to commence by service of process rather than by filing.  ECF No. 50 at 2-3.[1]

---

[1]     Plaintiff filed a "surreply" on August 4, 2023.  ECF at 56.  The Scheduling Order requires parties to obtain leave of the Court to file additional briefs.  ECF 12 at 8, ¶ E; *see also* L. Civ. R. 7. Generally, surreplies are only permitted where the movant raises new arguments in reply.  Plaintiff's surreply asserts that (1) Defendant failed to assert a statute of limitations defense in his Answer to her April complaint, contrary to Rule 8(c); (2) that RCW § 4.16.170, rather than Rule 3, governs when this action was commenced because it is a substantive rule; and (3) that Defendant's improper service argument was raised too late.  The Court summarily disposes of arguments (1) and (3) on the basis that in the Ninth Circuit affirmative defenses may be raised for the first time in a motion for summary judgment absent a showing of prejudice.  *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019).  Additionally, insufficient service was preserved as a defense in Defendant's notice of appearance, ECF No. 2, and insufficient service and the statute of limitations were asserted as affirmative defenses in Defendant's Answer to Plaintiff's amended October complaint, ECF No. 44.  Argument (2) is considered further in Part II. of the Discussion.

In reply, Defendant asserts that Plaintiff's claims should still fail even if RCW § 4.16.170 sets the applicable tolling rules because (1) the January complaint served differed from the April complaint filed and (2) the summons and complaint were improperly served upon his father at his family home, when in fact he no longer lived there.  ECF No. 52 at 2.

## DISCUSSION

The questions presented are (1) whether Plaintiff's state law claims for assault and battery needed to be filed in accordance with Rule 3 in order to toll the applicable statute of limitations, and, if not, (2) whether the service attempted in January properly commenced the action under RCW § 4.16.170.  The Court accepts Plaintiff's admission that her claims for assault and battery stemming from the January 2020 sexual offense are time-barred.  Respecting Plaintiff's claims for assault and battery stemming from the February 2020 offense, however, the Court declines to award the Defendant summary judgment, because material issues of fact remain as to whether substitute service properly tolled the statute of limitations per RCW § 4.16.170.

### I.    Summary Judgment Standard

Defendant moves for partial summary judgment. The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment

1  as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary

2  judgment, the court must only consider admissible evidence. *Orr v. Bank of*

3  *America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary

4  judgment bears the initial burden of showing the absence of any genuine issues of

5  material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then

6  shifts to the non-moving party to identify specific facts establishing a genuine issue

7  of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

8  "The mere existence of a scintilla of evidence in support of the plaintiff's position

9  will be insufficient; there must be evidence on which the jury could reasonably

10 find for the plaintiff." *Id*. at 252.

11     For purposes of summary judgment, a fact is "material" if it might affect the

12 outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is

13 "genuine" only where the evidence is such that a reasonable jury could find in

14 favor of the non-moving party. *Id.* The Court views the facts, and all rational

15 inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*

16 *Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted

17 "against a party who fails to make a showing sufficient to establish the existence of

18 an element essential to that party's case, and on which that party will bear the

19 burden of proof at trial." *Celotex*, 477 U.S. at 322.

20 //

## II.    Tolling of RCW § 4.16.100

Defendant argues that Rule 3 dictates how the statute of limitations may be tolled.  The Court disagrees and finds that the Washington rule of tolling controls whether the action was properly commenced.

The Court has both federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367, over this matter.  In asserting a claim against WSU arising out of Title IX of the Education Amendments, a federal statute, plaintiff invoked this Court's original jurisdiction.  *See* 28 U.S.C. § 1331; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987) (under the well-pleaded complaint rule, the plaintiff is the "master of the complaint" who may elect to "eschew[ ] claims based on federal law.").  Accordingly, this Court exercises supplemental jurisdiction over all related state law claims raised in this action, including Plaintiff's claims for assault and battery against Defendant.  *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 157 (1997) (A state and federal action form part of the same case or controversy when they share "a common nucleus of operative fact.").

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

1    The parties correctly agree that Plaintiff's claims for assault and battery are

2    governed by Washington's two-year statute of limitations, RCW § 4.16.100.  *See*

3    *Gausvik v. Perez*, 392 F.3d 1006, 1009 (9th Cir. 2004).  From this, Plaintiff argues

4    that RCW § 4.16.170 controls.  ECF 50 at 3.  RCW § 4.16.170 provides that an

5    action is commenced for purposes of tolling the statute of limitations by service of

6    the summons so long as the summons and complaint are filed within 90 days of

7    service.  The statute also permits an action to be commenced by filing, followed by

8    service within 90 days.  RCW § 4.16.170.  By contrast, its more constrained

9    federal counterpart, Rule 3, provides that an action is exclusively commenced by

10   filing the complaint.

11   When federal courts confront state law claims under 28 U.S.C. § 1332 or 28

12   U.S.C. § 1367, state statutes of limitations and rules of tolling govern over

13   otherwise applicable federal rules.  The seminal case is *Walker v. Armco Steel*

14   *Corp.*, 446 U.S. 740 (1980).  In *Walker*, the plaintiff filed a negligence action

15   against the defendant in federal court on the basis of diversity jurisdiction.  *Id.* at

16   742.  The manufacturer successfully dismissed the action as untimely because the

17   plaintiff had not complied with an Oklahoma tolling statute, which required the

18   plaintiff to provide the defendant actual service and actual notice of the complaint.

19   *Id.* at 743-44.  In ruling for the manufacturer, the Court wrote:

20       Rule 3 simply states that "[a] civil action is commenced by filing a
         complaint with the court."  There is no indication that the Rule was

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

1
2
3
intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations. Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations.

4
5
6
7
8
In contrast to Rule 3, the Oklahoma statute is a statement of a substantive decision by that State that actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the statute of limitations. The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to piece together his defense to an old claim.

9
*Id.* at 750-51.

10
11
12
13
14
15
16
17
In actions arising under federal law, oppositely, courts have generally looked to Rule 3 to toll the statute of limitations, even when borrowing a state's limitations period. *See, e.g.*, *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1289 (9th Cir. 2006) (applying Washington's 30-day statute of limitations to the Individual with Disabilities Education Act, but concluding that Rule 3 instructed whether that limitations period had been tolled); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (2003) ("The Supreme Court has construed Rule 3 to apply in suits brought under federal law, but not in suits brought under state law.").

18
19
20
Defendant discusses *Martin v. Pierce Cnty.*, 34 F.4th 1125 (9th Cir. 2022) in support of his assertion that the federal rule should control when the action was commenced for tolling purposes. ECF No. 48 at 1-2. The plaintiff in *Martin*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

brought a 42 U.S.C. § 1983 claim and state medical malpractice claim in the Western District of Washington.  34 F.4th at 1128.  On appeal, the Ninth Circuit determined that the district court had improperly dismissed the plaintiff's state law claim for failure to comply with RCW § 7.70A.020, a rule which required plaintiffs in medical malpractice suits to include declarations avowing that they were provided with copies of RCW § 7.70A by their attorney before filing suit and had elected to file a lawsuit in lieu of submitting to arbitration.  *Id.* at 1129.  Specifically, the court determined that under the choice of law analysis outlined by the Supreme Court in *Shady Grove Ortho. Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-99 (2010), RCW § 7.70A.020 conflicted with Rule 3.  *Id.* at 1131-32.  Key to the court's determination that a conflict existed was its observation that RCW § 7.70A.020 imposed "additional, procedural steps" on plaintiffs filing suits, such as reviewing Chapter 7.70A and submitting a declaration.  *Id.* at 1131.

    *Martin* did not curb *Walker*'s pronouncement that Rule 3 does not "displace state tolling rules for purposes of state statutes of limitations" in cases where the court's subject matter jurisdiction falls under 28 U.S.C. § 1332 or § 1367 because *Martin* touched upon a rule of procedure, not a rule of substance.  446 U.S. at 750-51.  State tolling rules are substantive rather than procedural.  *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011).  *See, e.g.*, *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 273 (9th Cir. 2013) (Kozinski, J., concurring)

(describing that no conflict existed in *Walker* between Rule 3 and the state tolling rule because "[t]he latter was a matter of state substantive law"); *see also, e.g.*, *Torre v. Brickey*, 278 F.3d 917 (9th Cir. 2002) (holding there was no conflict between an Oregon law providing that an action is deemed commenced on the date of filing only if the summons is served within 60 days thereafter, and Rules 3 and 4(m) because the Oregon rule was substantive). Indeed, *Martin* quoted with approval the following: "In federal actions based on diversity of citizenship jurisdiction, federal courts apply state law to decide when a lawsuit was commenced for purposes of computing limitations periods." 34 F.4th at 1131 (quoting 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1052 (Apr. 2023 Update)).

As in *Walker*, Plaintiff's claims for assault and battery are state law claims subject to a two-year statute of limitations. RCW § 4.16.100. It follows that the federal rule does not enjoin Washington's related tolling statute, RCW § 4.16.170, from allowing an action to be commenced via service.

### III.    Service Under RCW § 4.16.170

Defendant argues that even if RCW § 4.16.170 applies, the limitations period was not tolled, because he was not properly served. In relevant part, Washington's tolling rule provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served

1
2
3
4

whichever occurs first . . . If the action is commenced by service on one or more of the defendants . . ., the plaintiff shall file the summons and complaint within ninety days from the date of service . . . If . . . following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

5   RCW § 4.16.170.

6   As the plain language suggests, RCW § 4.16.170 is a "tentative

7   commencement provision" which allows plaintiffs to commence an action via

8   service and thereby toll the statute of limitations, provided that the summons and

9   complaint are filed within the next 90 days. *Kramer v. J.I. Case Mfg. Co.*, 62

10  Wash. App. 544, 548 (1991).

11  Defendant suggests in passing—and without citation to any legal authority—

12  that Plaintiff did not toll the statute of limitations via service on January 30

13  because the complaint filed 74 days later, on April 14, was not identical to the

14  version originally served. *See* L. Civ. R. 7(b)(1) ("The motion . . . shall set forth

15  supporting factual assertions and legal authority."). As *Nearing v. Golden State*

16  *Foods Corp.*, 114 Wash. 2d 817, 820 (1990) teaches, however, service of the

17  complaint was not necessary to commence the action in the first instance; all that

18  was required to start the 90-day tolling period was service of the summons. In

19  *Nearing*, the plaintiff served a summons upon the defendant shortly before the

20  statute of limitations was due to expire. *Id.* at 818. The summons simply "stated

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 12

that the cause of action was based on a breach of contract." *Id.* Within the 90-day period for filing, but after the statute of limitations had expired, the plaintiff filed a new version of the summons and complaint.[2] *Id.* The new summons and complaint were eventually served on the defendant, but at that point the 90-day tolling period had run up. *Id.* The defendant asserted that plaintiff's failure to initially serve a complaint along with the summons within the statute of limitations rendered his claims time barred and that the statute impermissibly allowed to serve form summonses without fully informing themselves about the facts of their case. *Id.* at 819. The Washington State Supreme Court disagreed, explaining, "[A]n action is tentatively commenced by service of a summons or the filing of a complaint and the statute of limitations is tolled pending filing of the summons and complaint within 90 days from the date of service," and thus held that the plaintiff's later service of the new summons and complaint was irrelevant to the question of whether the action had been tolled. *Id.* at 820. As such, the initial service of the summons, coupled with the filing of the complaint, tolls the limitations period. *Id.* at 823. *See also Sutey v. T26 Corp.*, 13 Wash. App. 2d 737 (2020) (determining that plaintiffs were not required to file an exact copy of the

---

[2]    The *Nearing* court did not explain how, precisely, the second summons and complaint differed from the first.

summons served under CR 5 where the summons served provided adequate notice of the risk of default judgment).

It is difficult to conceive of how Defendant's passing assertion differs from the *Nearing* defendant's in any significant respect. A summons and complaint were served on January 30, 2022, and a substantially similar version complaint and summons were filed within 90 days of service. The fact that the complaint served differed in one aspect appears immaterial given that Plaintiff was not obligated to serve the complaint in the first instance. Defendant neither disputes that Plaintiff notified Defendant's lawyers of her intent to add a negligence claim ahead of the April filing, nor argues that the summons served was defective in some respect. ECF No. 50 at 2; ECF No. 52 at 1-2. *See Walker v. Orkin*, 10 Wash. App. 2d 565, 572 (2019) ("The purpose of a summons is to give notice of the time to answer prescribed by law and advise the defendant of the consequences of failing to do so."). Nothing further was required.

As a final matter, Defendant contests in reply that substitute personal service on his father was inadequate, and therefore tolling was improper, because he no longer lived at his family home in Woodinville beginning in December 2021. "In Washington, as in federal court, proper service of a summons and complaint is an essential prerequisite to obtaining personal jurisdiction." *Flooring Assocs., Inc. v. Design Mfg. Int'l, LLC*, 2021 WL 1551473 (W.D. Wash. 2021). Service may be

accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," or "by leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(1), (2)(B). Washington law similarly provides that service may be accomplished "by leaving a copy of the summons at the house of [the defendant's] usual abode with some person of suitable age and discretion then resident therein." RCW § 4.28.080(16). A plaintiff can rebut a challenge to service of process "by providing a declaration of a process server, regular in form and substance. Then the challenging party must show by clear and convincing evidence that service was improper." *Northwick v. Long*, 192 Wash. App. 256, 261 (2015).

Washington courts define "usual abode" as "a center of the defendant's domestic activity such that service on a family member there is reasonably calculated to come to the defendant's attention." *Gerean v. Martin-Joven*, 108 Wash. App. 963, 969 (2001). In determining whether a residence qualifies as the center of a defendant's domestic activity, courts have reviewed whether the defendant frequently listed that address as their own on government documents and related public records, including voter registration polls, speeding tickets, and car insurance records. *See, e.g.*, *Sheldon v. Fettig*, 129 Wash. 2d 601, 610-11 (1996).

In limited circumstances, a defendant may maintain more than one place of usual abode, provided that each is a center of domestic activity where defendant would receive prompt notice of an action. *Id.* at 612. Generally, courts have identified a defendant as maintaining two abodes where a defendant lives outside the jurisdiction where a suit is filed and frequently commutes between the two jurisdictions. *Compare, e.g.*, *Sheldon*, 129 Wash. 2d at 604-05, 611-12 (flight attendant, who relocated from her parents' home in Seattle to Chicago eight months prior to service, maintained an abode in Seattle because she claimed to be a Washington resident on several public documents and frequently traveled between the two cities) *with, e.g.*, *Lepeska v. Farley*, 67 Wash. App. 548, 551 (1992) (substitute service on defendant's mother at her home was ineffective despite the fact that three years earlier the defendant told a police officer responding to the accident giving rise to the suit that the address was his own, because defendant lived on his own in a different city at the time of service). The underlying purposes of RCW § 4.28.080 are "to serve defendants in a fashion reasonably calculated to accomplish notice and . . . [to allow] injured parties a reasonable means to serve defendants." *Farmer v. Davis*, 161 Wash. App. 420, 434 (2011); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."). Still, actual notice alone is

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 16

insufficient to confer jurisdiction; the plaintiff's tender of service must comport

with statutory requirements.  *Gerean*, 108 Wash. App. at 972.

As an initial matter, it appears that Defendant is arguing that both the

January and May attempts at service were defective.  Commentary to Rule 5

explains that personal service upon a defendant who has already appeared is not

required so long as the new claims relate to those set out in the original complaint.

*See* 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §

1146 (Apr. 2023 Update).  Since Defendant entered a notice of appearance on

April 18 and the added claim for negligent infliction of emotional distress was

ostensibly related to the pre-included claim for intentional infliction of emotional

distress, the issue is whether substitute personal service in January upon

Defendant's father was effective.  *See also Ransom v. Brennan*, 437 F.2d 513, 518

(5th Cir. 1971) ("Rule 5 service of the motion is not sufficient to acquire such

jurisdiction and cannot be employed in lieu of Rule 4.").

On the limited evidence presented, and under the constraints of summary

judgment procedure, the Court cannot determine whether the Woodinville family

home was Defendant's usual abode.  In her response brief, Plaintiff produced

evidence that skip-tracing services performed in late January revealed the

Woodinville home to be Defendant's then-current address and provided a process

server's declaration of service.  ECF No. 50-1 at 2-3.  Because a declaration of

service of process, "regular in form and substance," is prima facie evidence of

proper service, the burden then shifted to Defendant to rebut that presumption by

"clear and convincing evidence." *Northwick*, 192 Wash. App. at 261.  Defendant

replied by offering the declarations of himself, his father, and his former girlfriend

stating that he had moved out sometime the month prior, although they did not

offer a precise date.  ECF Nos. 53-55.  Additionally, according to the Defendant's

father, the process server did not ask him whether the Defendant lived there but

simply inquired whether he was the Defendant's father.  ECF No. 54 at 2, ¶ 6.

Even accepting that Defendant had moved out by the time of January service,

Defendant's nominally claimed residence was not the only relevant factor to

determining whether the Woodinville address was the center of his domestic

activities.  In making this determination, courts typically have the benefit of a

wealth of information that is notably lacking here.  *See, e.g.*, *Northwick*, 192 Wash.

App. at 264 (trial court properly found that defendant was living at a Snohomish

address when the process server testified that his father, who was served, told him

that defendant lived there, defendant did not declare otherwise, and public mail and

licensing records showed his address was in Snohomish); *Sheldon*, 129 Wash. 2d

at 610-11 (considering the defendant's frequency of travel between the two

locations, voter records, car registration records, and more in determining her usual

abode).  Given that Defendant himself states that he only moved out approximately

one month prior to attempted service, there is a fair probability that the

Woodinville residence remained his center of domestic activity.  As such, the

Court finds that a material issue of fact remains as to Defendant's claim that

service was improper, because the Woodinville address may well have remained

his usual abode in January 2022.

The propriety of service bears directly on whether the statute of limitations

was tolled under RCW § 4.16.170.  *See Cook v. Graham*, 2023 WL 4561449 at *3

(Wash. Ct. App. 2023) (unpublished) (holding that an action was properly

dismissed for insufficient process and as barred by the statute of limitations where

evidence did not establish the summons was served).  Thus, the Court reserves

judgment as to whether the statute of limitations was tolled respecting Plaintiff's

claims for battery and assault stemming from the alleged February offense.

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Summary Judgment (ECF No. 48) on
   Plaintiff's assault and battery claims is **GRANTED** with respect to the
   alleged sexual assault which occurred on January 29, 2020.

2. Defendant's Motion for Partial Summary Judgment (ECF No. 48) on Plaintiff's assault and battery claims is **DENIED** with respect to the alleged sexual assault which occurred on February 7, 2020.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED August 8, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 20